UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Debra Jarett-Bevers and Bob Bevers, husband, | ) C/A 3:06-12-MJP-JRM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| TLD America; | ) REPORT AND RECOMMENDATION |
| NMC-Wollard Inc.; | ) |
| Phoenix Metal Products Inc.; | ) |
| John Doe Manufacturer; and | ) |
| John Doe Distributor, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action was filed by Plaintiffs, pro se, on January 9, 2006. Defendant Phoenix Metal Products, Inc. ("Phoenix Metal") filed an answer on June 21, 2006. There is no indication that Plaintiffs have served any of the remaining Defendants (TLD America, NMC-Wollard, Inc, John Doe Manufacturer, and John Doe Distributor).

On November 27, 2006, Defendant Phoenix Metal filed a motion for summary judgment. By order of this court filed on November 28, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiffs were advised of the summary judgment procedure and the possible consequences if Plaintiffs failed to respond adequately. Despite this explanation, Plaintiffs elected not to respond to the motion.

As Plaintiffs are proceeding pro se, the court filed a second order on March 26, 2007, allowing Plaintiffs an additional fifteen days in which to advise the court whether they wished to continue to prosecute this action. Plaintiffs were specifically advised that if they failed to respond, this action would be dismissed for failure to prosecute. Plaintiffs did not respond to the order.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert.</u> <u>denied</u>, 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)     the degree of plaintiff's responsibility in failing to respond;

(2)     the amount of prejudice to the defendant;

(3)     the history of the plaintiff in proceeding in a dilatory manner; and

(4)     the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiffs are proceeding <u>pro se,</u> so they are entirely responsible for their actions. It is solely through Plaintiffs' neglect, and not that of an attorney, that no responses have been filed. Plaintiffs have not responded to Phoenix Metal's motion for summary judgment or the court's orders requiring them to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

It is also recommended that Defendants TLD America, NMC-Wollard, Inc., Joe Doe Manufacturer, and John Doe Distributor be dismissed pursuant to Rule 4(m) for Plaintiffs' failure to serve these Defendants. Federal Rule of Civil Procedure 4(m) states in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time....

Further, Local Rule 4.01, DSC provides:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

In the undersigned's March 26, 2007 order, Plaintiffs were warned that these Defendants might be subject to summary dismissal if Plaintiffs could not show proper service. Plaintiffs have presented no evidence to show that these Defendants have been served.

                Respectfully submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

April 26, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).